UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LEE CALLAHAN, JR., #12677-040,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:07-CV-685

HON. ROBERT HOLMES BELL

**O P I N I O N**

This matter is before the Court on Movant James Lee Callahan, Jr.'s motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Dkt. No. 1.) The government has filed a response to the motion. (Dkt. No. 4.) For the reasons that follow, Movant's § 2255 motion will be denied.

**I. Background**

On April 20, 2006, in accordance with a plea agreement, Movant pleaded guilty to the distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). (Dkt. No. 26, Plea Agreement 1.) On July 21, 2006, this Court sentenced Movant to 120 months in prison and 5 years of supervised release. (Dkt. No. 31, J. 2-3.) Movant did not file an appeal of his sentence.

Movant's § 2255 motion raises two grounds on which his sentence should be vacated, set aside or corrected: (1) ineffective assistance of counsel, and (2) invalid enhancement of Movant's score under the sentencing guidelines.

## II. Legal Standard

A prisoner who moves to vacate his sentence under § 2255 must show that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack.

28 U.S.C. § 2255. To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

In addressing a motion to vacate or correct a sentence, a court is required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In addition, "[N]o hearing is required if the

petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)).

A petitioner is procedurally barred from raising claims in a § 2255 motion, even those of constitutional magnitude, to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady* 456 U.S. at 167-68; *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir. 1996). Generally, where a petitioner has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the petitioner first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998). To satisfy the "cause" test, a petitioner must show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The procedural default rule does not apply, however, to claims of ineffective assistance of counsel; such claims may be raised for the first time in a § 2255 proceeding, without regard to a failure to raise them on direct appeal, and may be analyzed without regard to cause and prejudice. *See Massaro v. United States*, 538 U.S. 500, 509 (2003).

## III. Analysis

### A. Ground One: Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced Movant and deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686. In determining whether counsel's performance was deficient,

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time . . . . [A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . . A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Id.* at 689-90. In determining whether counsel's performance was prejudicial, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Courts are not required to conduct an analysis under both prongs of the *Strickland* test if the claim can be disposed of under one prong. *Id.* at 697; *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003).

Movant argues that counsel was ineffective for advising Movant to accept a plea bargain offering 120 months incarceration. This advice was certainly objectively reasonable, considering that the offense of distribution of 50 grams or more of cocaine base mandates a statutory minimum sentence of 120 months in prison. *See* 21 U.S.C. § 841(b)(1)(A). Additionally, Movant fails to show that counsel's advice prejudiced him. Movant must show that counsel's advice "affected the outcome of the plea process," meaning that Movant would have taken the case to trial but for the counsel's alleged error. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant gives no indication that he would have taken that course of action.

Movant also argues that counsel failed to discuss with him the statutory "safety valve" set forth in 18 U.S.C. § 3553(f), which allows for the reduction of a mandatory minimum sentence at the discretion of the sentencing court. However, as the government points out, Movant's counsel had no reason to discuss the "safety valve" provision. That statute only applies to a defendant who, among other requirements, has no more than one criminal history point and did not possess a firearm in connection with the offense. 18 U.S.C. § 3553(f)(1)-(2). At sentencing, Movant had two criminal history points. (Pre-Sentence Report 14.) Movant also possessed a gun in connection with the offense. (*Id.* at 11.)[1] Therefore, Movant's claim of ineffective assistance is without merit.

---

[1] In a sworn declaration, Movant's counsel states that he did in fact discuss the "safety valve" provision with Movant. (Dkt. No. 4-2, 11/07/2007 Goldstein Aff. 2.) ("Counsel discussed the issue of the safety valve for first time offenders, and even brought a copy to sentencing to show defendant.")

## B. Ground Two: Invalid Enhancement of Sentencing Guidelines Score

Movant also argues that the Court erred in allowing a two-point enhancement of his sentencing score under U.S.S.G. § 2D1.1(b)(1) based upon Movant's possession of a gun in the commission of the underlying offense. Movant contends that this enhancement should be struck down because it was not included in the indictment and because Movant did not own the gun at issue. However, this argument is procedurally barred because Movant failed to raise it on direct appeal. *See Frady*, 456 U.S. at 167-68. Movant has not shown cause or prejudice for failure to raise it, or actual innocence. *See Bousley*, 523 U.S. at 622.

To the extent that Movant challenges the indictment, this challenge is moot because he has already pleaded guilty to the offense charged. *See United States v. Martin*, 526 F.3d 926, 932 (6th Cir. 2008) ("A voluntary and unconditional guilty plea bars any subsequent non-jurisdictional attack on the conviction.") (quoting *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991) (internal quotations omitted)).

Furthermore, Movant's claim that he did not own the gun is contradicted by the record. After observing Movant's car parked numerous times in the driveway of 5746 Orchard Court in Lansing, and after observing Movant enter the residence with a key, officers executed a valid search of the residence. (Pre-Sentence Report 9.) In the northeast bedroom, officers found paperwork addressed to Movant, two digital scales, two razor blades containing cocaine residue, a loaded gun, and a matching holster. (*Id.*) At sentencing, when Movant had the opportunity to provide testimony challenging his ownership of the gun, he

advised his own counsel to "stand mute" on that issue. (File No. 1:06-CR-24, Dkt. No. 33, 07/21/2006 Sentencing Tr. 5). The two-level enhancement for weapon possession "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. 3 (2006). As the Court noted at Movant's sentencing, based upon the evidence presented, it is "most probable" that the gun was connected with Movant's drug trafficking offenses. (07/21/2006 Sentencing Tr. 7.)

Therefore, Movant has not shown that the enhancement of his sentencing guidelines score involved an error justifying § 2255 relief.

### IV. Conclusion

Movant's counsel was not ineffective for advising Movant to accept a plea agreement because it is objectively reasonable to accept an agreement proposing the mandatory minimum sentence and because Movant has failed to show that counsel's advice prejudiced him. Even if counsel did not discuss the "safety valve" statute with Movant, counsel's conduct would not be ineffective because Movant did not qualify for that exception. Also, the Court did not err in enhancing Movant's sentencing guidelines score because it is not clearly improbable that the weapon in question was connected to Movant's offense. For the foregoing reasons, Movant is not entitled to relief under § 2255. An order and judgment consistent with this opinion will be entered.

Dated: <u>November 16, 2009</u>    /s/ Robert Holmes Bell
　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE